IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

    Plaintiff,                    No. CIV S-01-1979 FCD KJM P

   vs.

SAM BESS, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The motion for summary judgment brought by defendants Bess and Quist on July 29, 2005, is before the court.[1]

I. Summary Judgment Standard

      Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

---

[1] On page eighteen of his opposition to defendants' motion, plaintiff asserts defendants did not sign their motion as required by Rule 11 of the Federal Rules of Civil Procedure. The defendants affixed an electronic signature as permitted by the local rules of this court beginning January 1, 2005. See Local Rule 7-131(c).

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On September 23, 2002, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

II. <u>Plaintiff's Allegations</u>

In his amended complaint, which is signed under the penalty of perjury, plaintiff claims that during the relevant period of time he was incarcerated at California State Prison Sacramento (CSPS) where both defendants worked as correctional officers. Am. Compl. at II.[2]

He also alleges that in mid-1998, defendant Bess approached plaintiff and attempted to get plaintiff to sell drugs for Bess. Plaintiff declined Bess's offer. <u>Id</u>. at III:3-VII-12.

About three weeks later, an inmate plaintiff refers to as "Crazy-D" informed plaintiff that he was going to be set up by defendant Bess because plaintiff declined Bess's offer to sell drugs for Bess. <u>Id</u>. at VIII:2-23.

Shortly thereafter, defendant Quist searched plaintiff's cell and found drugs. In a report, Quist indicated that the drugs were found in some socks. Plaintiff denies that he had drugs hidden in socks. <u>Id</u>. IX:26-XI:18. Criminal charges were brought against plaintiff and the case eventually proceeded to trial. At the trial, "Crazy-D" testified that he got drugs from Bess and then put them in a manila envelope containing legal work that plaintiff was expecting from another inmate. <u>Id</u>. at IX:1-9. Plaintiff claims Quist found the drugs in the envelope. Plaintiff asserts he was given the envelope and his cell was searched by defendant Quist on October 11, 1998. <u>Id</u>. at IX:1-XI:18. Plaintiff was acquitted at trial. <u>Id</u>. at IX:1-11.

Plaintiff claims Bess and Quist violated his Constitutional rights and rights arising under state law by causing plaintiff to be falsely prosecuted for possession of drugs. <u>Id</u>. at XVII-XXI. Specifically, he asserts violations of the Eighth and Fourteenth Amendments and state law claims. <u>Id</u>. He seeks monetary relief. <u>Id</u>. at XXII.

Regarding plaintiff's first claim, the Eighth Amendment protects those convicted of crimes from being subjected to the "unnecessary and wanton infliction of pain" as a part of

---

[2] References to pages of the complaint are to the memorandum attached to the form complaint.

4

their punishment.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Plaintiff does not allege that he was subjected to any physical injury or the threat of any physical injury as a result of the alleged actions of defendants Bess and Quist.  Therefore, he does not state a claim for violation of the Eighth Amendment.

Plaintiff's state claims are made under the California Penal Code.  However, Plaintiff is not the appropriate party to prosecute a matter arising under California criminal law.  See Cal. Penal Code § 684.[3]

Plaintiff's only claim, therefore, susceptible to defendants' motion is his Fourteenth Amendment claim, discussed below.

III. Defendants' Argument

Defendants argue that they are entitled to immunity with respect to plaintiff's claims.  Def't's Mem. P. & A. In Supp. Mot. for Summ. J. (MSJ) at 9-12.  Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In determining whether a governmental officer is immune from suit based on the doctrine of qualified immunity, the court must answer two questions.  The first is, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?  Saucier v. Katz, 533 U.S. 194, 201 (2001).  A negative answer ends the analysis, with qualified immunity protecting defendant from liability.  Id.  If a constitutional violation occurred, a court must further inquire "whether the right was clearly established." Id. "If the law did not put the [defendant] on notice that [his] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. at 202.

---

[3] Defendants construe plaintiff's state claim as one for malicious prosecution, and argue it fails because plaintiff admitted he possessed some heroin in his cell, found by defendant Quist inside a small bottle.  MSJ at 12.  This court does not construe plaintiff's complaint as containing a claim for malicious prosecution

Defendants claim there is no evidence indicating they violated plaintiff's right to due process because critical predicate facts precluded the violation plaintiff claims from occurring in the first place. Defendants present evidence indicating plaintiff could not have come into contact with "Crazy-D" on October 11, 1998 because plaintiff was housed in "B" facility, "Crazy-D" was housed in "C" facility, and inmates from "B" facility are not permitted contact with inmates from "C" facility. MSJ, Exs. A & B. Therefore, defendants argue, it is clear that plaintiff's story regarding the planting of the drugs in the manila envelope was fabricated. In his own declaration, attached to the end of his opposition to defendants' motion, plaintiff asserts under the penalty of perjury that he and "Crazy-D" were housed in the same facility on October 11, 1998 and the information provided by defendants is fabricated. In light of these two starkly differing versions of the facts, there is a genuine issue of material fact with respect to whether plaintiff came into contact with "Crazy-D" on October 11, 1998. Defendants are not entitled to summary judgment based upon their assertion that plaintiff and "Crazy-D" did not come into contact with one another. They are so entitled, however, given the nature of plaintiff's claim.

Plaintiff articulates his Fourteenth Amendment claim as based on "unjustified and penologically unnecessary plantings drugs on plaintiff, and then falsefying legal documents [sic] . . . for purpose of having plaintiff prosecuted . . ." Am. Compl. at XIX. Because plaintiff does not challenge a particular process or assert that he was deprived a particular process, the court assumes plaintiff is attempting to assert a substantive due process claim. See County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (procedural due process guarantee protects against arbitrary takings, while the substantive due process guarantee protects against government power arbitrarily and oppressively exercised). However, the United States Supreme Court's opinion in Albright v. Oliver, 510 U.S. 266 (1994) casts doubt on whether plaintiff can bring a substantive due process claim on the facts alleged. In Albright, the plaintiff asked the Court to recognize a substantive due process right to be free from criminal prosecution except

/////

upon probable cause. The Court declined to identify such a right:

> As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended. [Quotation marks omitted.] The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity. [Citations omitted.] Petitioner's claim to be free from prosecution except on the basis of probable cause is markedly different from those recognized in this group of cases.

Id. at 271-72; accord Awabdy v. City of Adelanto, 368 F.3d 1062, 1069 (9th Cir. 2004).

In light of Albright, defendants are entitled to qualified immunity because they did not violate a clearly established federal statutory or constitutional right of which a reasonable person would have known. Plaintiff argues that defendants are not entitled to qualified immunity because, under the facts alleged, defendants acted outside of their authority arising under California law. Opp'n at 16:15-19. This argument, however, has been flatly rejected by the Supreme Court. Davis v. Scherer, 468 U.S. 183, 194-95 (1984).[4]

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Bess and Quist's July 29, 2005 motion for summary judgment be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised

---

[4] Even though defendants are entitled to qualified immunity with respect to plaintiff's due process claim, plaintiff is not necessarily precluded from pursuing a state court tort action against defendants.

7

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: March 8, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
chap1979.57