IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

      Plaintiff,                    No.  2:01-cv-01979 KJN P

    vs.

SAM BESS, et al.,

      Defendants.          ORDER

/

        Presently pending for hearing before the court on May 19, 2011, are the following matters:  (1) the motion of plaintiff's appointed co-counsel to withdraw as plaintiff's attorneys of record, and their separate motion for monetary sanctions against defendant Quist; and (2) a motion for summary judgment filed by defendant Quist.  Following service of plaintiff's declaration consenting to the withdrawal of his current counsel,[1] defendant Quist withdrew his

---

[1] Plaintiff's declaration was written with the assistance of another inmate and signed by plaintiff under penalty of perjury.  So framed, plaintiff explains his position as follows (Dkt. No. 186 at 1):

> Plaintiff state's it would do him no good to object to their withdrawal, because this is a case he will win, "and if they was forced to stay on in the case," it would work out badly for him.  He need's somebody who want's to be on the case so plaintiff does consent to the withdrawal.  (Sic)

1

opposition to counsels' motion to withdraw, and withdrew his motion for summary judgment, which was filed before close of expert discovery and substantially before the dispositive motion deadline.

Court-appointed counsel serve voluntarily in prison civil rights cases, subject to reasonable constraints that their withdrawal should not negatively impact the rights of their client or the merits of the case. The court has reviewed the status of this action and concludes that no exigent circumstance compels plaintiff's continued representation by current counsel, including the reasons stated in support of defendant Quist's early-filed motion for summary judgment (in light of defendant's agreement to the operative scheduling order). However, the court finds that the exceptional circumstances of this case continue to potentially warrant the appointment of counsel. See 28 U.S.C. § 1915(e)(1). Plaintiff asks the court to pursue the appointment of attorney Caleb Mason, who is presently appointed to represent plaintiff in an unrelated case.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion (Dkt. No. 166) of plaintiff's currently appointed co-counsel to withdraw their representation of plaintiff is granted; counsel shall cooperate with newly-appointed counsel in the transmission of all records and information pertinent to this case and the continued representation of plaintiff's best interests.

2. Defendant Quist's motion for summary judgment (Dkt. No. 173) is deemed withdrawn.

3. The motion (Dkt. No. 180) of plaintiff's co-counsel for monetary sanctions is denied.

4. The hearing on these matters scheduled for May 19, 2011, is vacated; there are no further matters requiring decision by this court at this time.

5. The Clerk of Court is directed to notify Sujean Park, with this court's Pro Bono Panel, that newly appointed counsel is warranted in this case. Ms. Park shall first confer with attorney Caleb Mason (see Dkt. No. 186 at 2), to ascertain whether he is willing to accept

appointment in this case.

6. The Clerk of Court is directed to serve a copy of this order by mail on plaintiff Rex Chappell, CDCR # B42679, at the California Correctional Institution, P. O. Box 1031, Tehachapi, CA 93581.

DATED: May 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chap1979.5.5.11