IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

      Plaintiff,                    No. 2:01-cv-01979 KJN P

   vs.

SAM BESS, et al.,

      Defendants.         ORDER

_____/

       Plaintiff is a state prisoner, proceeding with counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 13, 2012, plaintiff, acting without counsel or "pro se," filed a motion for a preliminary injunction authorizing his possession of pornographic materials. (Dkt. No. 221.) Plaintiff asserts that the prison policy precluding inmate possession of such materials contravenes his First Amendment rights, promotes homosexuality, and serves no legitimate penological interest.

       The court initially notes that plaintiff, who is represented by counsel, may not independently address the court. Moreover, the substance of plaintiff's current filing is unrelated to the issues presented in this action. The purpose of a preliminary injunction is to preserve, in the underlying action, the conditions that would accord relief if the moving party prevails in the principal action. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and

1

Procedure, § 2947 (1973). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff fails to present a matter that requires maintenance of the status quo pending a final decision on the merits of this action.

Most significantly, plaintiff fails to raise a meritorious issue. Courts within this circuit have routinely held that state regulations proscribing possession of pornographic and/or sexually explicit materials meet constitutional standards. See e.g. Frost v. Symington, 197 F.3d 348 (9th Cir. 1999) (upholding district court's summary judgment for defendants where Arizona prisoner challenged, on First Amendment grounds, a regulation banning the possession of sexually explicit materials); Bahrampour v. Lampert, 356 F.3d 969 (9th Cir. 2004) (Oregon regulation); Nelson v. Woodford, 249 Fed. Appx. 529 (9th Cir. 2007) (California regulation); Crozier v. Endel, 2011 WL 3098831 (9th Cir. 2011) (Nevada regulation); accord, Miskam v. McAllister, 2011 WL 1549339 (E.D. Cal. 2011); Ashker v. Schwarzenegger, 2009 WL 801557 (N.D. Cal. 2009); Self v. Horel, 2008 WL 5048392 (N.D. Cal. 2008); Zarate v. Tilton, 2009 WL 311401 (N.D. Cal. 2009); see also Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999) (en banc) (upholding county regulation prohibiting possession of sexually explicit materials by pretrial detainees). Plaintiff's challenge to pertinent California regulations – Sections 3006(c)(15) and (17), title 15, California Code of Regulations – is without merit. See Alexander v. California Dept. of Corrections, 2012 WL 458432 (E.D. Cal. Feb. 10, 2012).

////
////
////
////

1  For these several reasons, IT IS HEREBY ORDERED that plaintiff's March 13,
2  2012 motion for a preliminary injunction (Dkt No. 221), is denied. Plaintiff may file additional
3  matters in this court only through his counsel.
4  DATED: March 20, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chap1979.mtn.pi